FILED

JAN 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK TODD, | No. 12-16529 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00470-JAM-GGH |
| v. | |
| ANGELA ACKLEY, Child Protective Services, Tehama County; CRYSTAL ARCHER, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Derek Todd appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging that Tehema County Child Protective Services

employee Ackley violated his and his son's constitutional rights by declining to

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

bring neglect charges against his son's mother.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We may affirm on any ground supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court properly dismissed Todd's claims on behalf of his now-adult son because Todd lacks standing to bring those claims.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff has standing "only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action" (citation and internal quotation marks omitted)).

The district court properly dismissed Todd's substantive due process claim because Todd failed to allege facts that "shock the conscience or offend the community's sense of fair play and decency."  *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011) (per curiam) (citation and internal quotation marks omitted) (explaining requirements for a substantive due process claim based on right to family integrity).

Dismissal of Todd's equal protection claim was proper because Todd failed to allege that Ackley acted with an intent or purpose to discriminate against him

based on his membership in a protected class. *See Barren*, 152 F.3d at 1194

(explaining requirements for an equal protection claim).

**AFFIRMED.**